# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TINA BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV00052 HEA |
| ) | |
| TYSON FOODS, INC. ) | |
| and RANDY BURNS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Randy Burns' Motion to Dismiss Fraudulently Joined Individual Defendant, [#4] and Plaintiffs' Motion to Remand Case to CircuitCo urt of Stoddard County, Missouri, [# 11]. The motions have been fully briefed. For the reasons set forth below, Defendant Burns' motion is denied, and Plaintiff's motion is granted.

## Facts and Background[1]

Plaintiff Tina Bennett originally brought this action in the Circuit Court of Stoddard County, Missouri, alleging that during the course of her employment with

---

[1] The recitation of facts is taken from the parties' pleadings and is set forth for the purposes of this Order only. The recitation in no way relieves the parties of any proof thereof in future proceedings.

Defendant Tyson Foods, Inc., Plaintiff's supervisor, Defendant Randy Burns, repeatedly sexually harassed Plaintiff, creating a hostile work environment in violation of Section 213.055 of the Missouri Revised Statutes. Plaintiff claims that Defendant Burns' conduct included acts such as asking her whether she "liked to give head", instructing her to touch his genitals, exposing himself, demanding to see her "tits", fondling her on several occasions, and repeatedly asking Plaintiff to meet him at various locations for sexual activities. Plaintiff contends that because of her refusal to cooperate with Burns' sexual advances, she was suspended from her job on at least one occasion and ultimately terminated in April, 2004.

On June 5, 2004, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR), and the MCHR issued its Notice of Right to Sue on December 6, 2004. Plaintiff filed her suit in the Circuit Court of Stoddard County, Missouri on February 23, 2005, within 90 days of her receipt of said notice as required by the Missouri Human Rights Act (MHRA).

On March 25, 2005, Defendants Tyson Foods and Randy Burns jointly filed a notice of removal to this Court based on diversity of citizenship under 28 U.S.C. §§ 1332, 1441, and 1446. Defendant Burns simultaneously filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming he had been fraudulently joined. On April 3, 2005, Plaintiff filed a motion to remand, alleging the

removal was improper, since Defendant Burns cannot show he was fraudulently joined.

## Standard of Review

Fraudulent joinder exists if, on the face of a plaintiff's state court pleading, no cause of action lies against the resident defendant. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (per curiam). No cause of action lies against a defendant if (1) there is no reasonable basis in fact or law supporting the claim stated against the defendant; or (2) the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the defendant. *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 188 (E.D. Mo. 1995). "However, if there isa 'colorable' cause of action–that is, if the state law *might* impose liability on the resident defendant under the facts alleged–then there is no fraudulent joinder." *Filla v. norfolk Southern Railway Co., et al.*, 336 F.3d 806, 810 (8th Cir. 2003).

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery*, 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th

- 3 -

Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). But a motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief.*C onley,* 355 U.S. at 45-46.

## Discussion

Plaintiff's MHRA claims arise under Section 213.055 of the Missouri Revised Statutes, which makes it unlawful for an "employer" to discriminate against an employee due to certain protected characteristics. In order to be liable, the defendant must be an "employer," which is defined as "the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state, and any person directly acting in the interest of an employer, but does not include

- 4 -

corporations and associations owned and operated by religious or sectarian groups." Mo. Rev. Stat. 213.010(7).

Plaintiff is a citizen of Missouri. Defendant Tyson Foods, Inc. ("Tyson") is a foreign corporation doing business in Stoddard County, Missouri. Defendant Burns' citizenship is not specified in Plaintiff's Petition, but it is presumed that Burns is a citizen of the state where the case was originally brought, which is the State of Missouri. Defendant Burns contends that his "citizenship is irrelevant," since under Missouri law, Plaintiff cannot assert a cause of action against him, because individual liability does not exist under the MHRA. Burns relies on *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 381 (8th Cir. 1995), wherein the Eighth Circuit held that under the definitions of employer under Title VII and the MHRA, supervisors and managers are not subject to individual liability. The Court specifically rejected the argument that individual management employees are "employers" as defined by the MHRA:

> Title VII of the Civil Rights Act of 1964 . . . and the MHRA are similar statutory schemes that prohibit discrimination in employment against protected classes . . . Looking to analogous federal civil rights statutes, as we believe the Missouri Supreme Court would, we hold that the Missouri Supreme Court would interpret the definition of an employer in the MHRA . . . in a manner consistent with decisions of our sister circuits construing Title VII's definition of employer. Every circuit that has considered the issue ultimately has concluded that an employee, even one

possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII. Thus, we believe the Missouri Supreme Court would hold that the definition of the term employer in the MHRA does not subject employees, including supervisors or managers, to liability.

*Id.* at 380-81.

In ruling solely on motions to dismiss, the federal district courts in Missouri have consistently followed *Lenhardt* and have held that individuals cannot be sued under the MHRA, *see Henson v. Meadow Heights R-II Sch. Dist.*, 1:04CV00067 (E.D. Mo. Mar. 7, 2005) (Sippel, J.) and *Herrero v. St. Louis Univ. Hosp.*, 929 F. Supp. 1260, 1266) (E.D. Mo. 19960 (Perry, J.), and others have reached the same conclusion, *see Lyles v. Principal Health Care, Inc.*, 1997 WL 66993 (E.D. Mo. May 22, 2997) (Adelman, J.), *Bleckler v. Schweigert Bros.*, 2004 WL 1240964 (E.D. Mo. June 2, 2004) (Perry, J.), and *Gardner v. 4 U Tech., Inc.*, 88 F. Supp. 2d 1005, 1008 (E.D. Mo. 2000) (Shaw, J.). The Court is also cognizant of it's own ruling in *Burns v. OPAA Food Management, Inc.*, 4:05CV00209 (E.D. Mo. Jul. 5, 2005):

> There have been no subsequent Eighth Circuit cases construing the definition of "employers" under the MHRA, nor has the Missouri Supreme Court articulated the meaning of "employers" under the Act. As such, *Lenhardt* is the current controlling authority for this Court.
>
> Plaintiff urges the Court to disregard *Lenhardt* based on lower court rulings otherwise, particularly *Hill v. Ford*, 324 F.Supp. 1028 (E.D.Mo. 2004), wherein the Court denied dismissal of the individual defendants and remanded the matter to the state court. As defendants

rightly observe, the standard for remand is different from the dismissal standard, and this Court in not persuaded that it should ignore prevailing Eighth Circuit law on the basis of a matter which was determined under a different standard. The current state of Eighth Circuit law mandates dismissal of the individual defendants in this matter.

In this case, Plaintiff points out that "neither the Missouri Supreme Court nor the Missouri Court of Appeals has decided whether an individual can be liable for discrimination under the Act." Plaintiff cites to *Hill, supra,* where Judge Limbaugh admitted that in the past he has "followed blindly the holding of *Lenhardt* and dismissed MHRA claims against individual defendants. However, like most things, the law is not a constant and is always changing and evolving," and what the Eighth Circuit predicted would be Missouri's interpretation of the MHRA ten years ago, is not necessarily what the outcome – or the prediction – would be today. *Hill,* 324 F. Supp. 2d at 1032. The court stated that there is "a reasonable basis for predicting that the Missouri Supreme Court might impose liability under the MHRA against individual defendants" and without definitively settling "the ambiguous question of individual liability under the MHRA," the court chose to remand the case and leave the question for the state courts to decide.

The matter before the court in Hill was a motion to remand and not a motion to dismiss as in *Lenhardt*. The matter before this Court includes both a motion to dismiss

and a motion to remand. As set out above, the standard for a motion to remand is lower than that for a motion to dismiss. The court need only decide whether on the face of a plaintiff's state court pleading, a cause of action lies against the resident defendant. If there is no reasonable basis in fact or law supporting the claim stated against the defendant or the plaintiff has no real intention of prosecuting the action against the defendant, then no cause of action lies against a defendant. But if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder. This Court finds that since neither the Missouri Supreme Court nor the Missouri Court of Appeals has decided whether an individual can be liable for discrimination under the MHRA, it cannot be said that no cause of action lies against the Defendant Burns. As such, the Court will remand the case and leave the question of whether a supervisor can be liable under the MHRA for the state courts to decide.

Defendants other argument, that Plaintiff failed to exhaust her administrative remedies for not specifically naming Defendant Burns in her administrative charge, is without merit. The Court finds that Plaintiff did name Randy Burns in her Charge of Discrimination, but his name was not placed in the section requesting the name of the discriminating employer, organization or agency. Plaintiff does, however, specifically name Randy Burns in the "Particulars" of the Charge, and, refers to him therein a total

of twenty-four (24) times as "Randy Burns," "Burns," "he," "him," "his," and "Respondent." The fact that Plaintiff did not list Burns' name in the specific section deemed obligatory by Defendant Burns is not fatal to Plaintiff. The Court finds that Plaintiff timely filed her administrative charge against the discriminating parties as required by the MHRA, and it cannot be said that Defendant Burns did not have adequate notice of the charge and the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Hill,* 324 F. Supp. 2d at 1034 (*citing Stuart v. General Motors,* 217 F.3d 621, 630-31 (8th Cir. 2000) and *Greenwood v. Ross,* 778 F.2d 488, 451 (8th Cir. 1985)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Randy Burns' Motion to Dismiss Fraudulently Joined Individual Defendant, [#4], is denied;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand Case to Circuit Court of Stoddard County, Missouri, [# 11], is granted.

**IT IS FURTHER ORDERED** that this cause of action be remanded to the Circuit Court of Stoddard County, Missouri.

Dated this 18th day of July, 2005.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE